ORIGINAL
Case 1:08-cv-02915-CC   Document 1   Filed 09/17/08   Page 1 of 12

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 17 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHARON DAVENPORT | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | JURY TRIAL DEMANDED |
| WOOD PARTNERS, LLC | ) | |
| Defendant. | ) | 1 08-cv-2915 -CC |

## COMPLAINT

COMES NOW Plaintiff Sharon Davenport ("Plaintiff" or "Ms. Davenport"), and hereby submits this Complaint against the above-referenced Defendant, Wood Partners, LLC, for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*.

## PRELIMINARY STATEMENT

1.

Plaintiff brings this action for wages owed and which Defendant failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("FLSA" or the "Act"). Plaintiff also seeks an award of liquidated damages for Defendant's willful and knowing violation of the Act.

1

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over Plaintiff's claims against Defendant pursuant to 29 U.S.C. §201, *et seq.*; 28 U.S.C. §1331 and 28 U.S.C §1391(b)(2).

3.

Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(2) as Defendant transacts business in the Northern District of Georgia, Plaintiff was employed by Defendant, and the conduct upon which Plaintiff's claims is based occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiff Sharon Davenport is a former salaried, "non-exempt" administrative employee of Defendant. Ms. Davenport earned, but was not paid by Defendant for all of the time she worked nor was she paid at the FLSA-required overtime rate of pay for time worked in excess of forty (40) hours per week.

5.

At all times relevant to her claims in this action, Ms. Davenport was an "employee" of Defendant as that term is defined by 29 U.S.C. §203(e).

6.

At all times relevant to Plaintiff's claims in this action, Defendant was an "employer" as that term is defined by 29 U.S.C. §203(d).

7.

Defendant Wood Partners, LLC is a Georgia limited liability company with its principal place of business in Marietta, Georgia. Defendant regularly engages in real estate development projects on a nationwide basis and handles goods such as construction and office supplies which have moved in interstate commerce.

## FACTS

8.

Defendant hired Plaintiff in March 2002 as an Assistant Field Office Manager in Georgia. In October 2006, Plaintiff was transferred to the position of Administrator for Defendant's Homeowner's Services Group. In January 2008, while still working in the Homeowner's Services Group, Plaintiff began training for a promotion to the position of Design Management Coordinator.

9.

In each of her positions with Defendant Plaintiff performed solely administrative and clerical duties, including, but not limited to, filing, answering phones, typing, making copies, scheduling and processing invoices. Plaintiff did not engage in any executive or supervisory work for Defendant. Plaintiff's training for the position of Design Management Coordinator consisted solely of cleaning and organizing two rooms and an office that were full of materials needed for certain projects. The Design Management Coordinator job was not an executive or supervisory position and did not require the exercise of independent judgment or discretion.

10.

Defendant paid Plaintiff a salary, but failed to compensate her for all time worked, including, but not limited to, time spent performing administrative work required by her job duties.

11.

Upon information and belief, at all times relevant to Plaintiff's claims in this matter, Defendant failed to maintain records of work performed by employees, including Plaintiff, in excess of forty hours per week ("overtime" records).

## FAILURE TO PAY PLAINTIFF FOR ALL TIME WORKED

12.

Defendant did not pay Plaintiff for all of the time that she worked on its behalf. Instead, Defendant simply paid Plaintiff a salary without regard to the time that she actually worked.

## OVERTIME COMPENSATION

13.

Plaintiff's job duties regularly required that she work over forty (40) hours per week.

14.

The FLSA requires that employers pay their employees at least one and one-half times their regular pay rate for all time worked over forty hours in a week. This requirement is commonly known as time-and-a-half or overtime pay.

15.

Despite being required to regularly work overtime as part of her job duties, Plaintiff was not paid the required overtime rate by Defendant.

## **WILFUL VIOLATIONS**

16.

Upon information and belief, and in violation of the FLSA, Defendant willfully, deliberately and intentionally refused to pay Plaintiff for time actually worked and time and one-half pay for overtime worked in the course of her job duties with Defendant.

17.

Upon information and belief, and in violation of the FLSA, Defendant failed, at all times relevant to Plaintiff's claims in this action, to post as required by the U.S. Department of Labor, copies of wage-hour laws such that Plaintiff would be aware of her right to payment for all time worked and overtime pay.

18.

Consequently, Plaintiff was not, until very recently, aware that the FLSA provided for compensation for time actually worked, or that she was owed overtime compensation for time worked in excess of forty hours in a week.

19.

At all times relevant to Plaintiff's claims in this action, Defendant knew or should have known that Plaintiff was entitled to compensation for all time actually worked and for overtime pay for work in excess of forty hours in a week, pursuant to the FLSA.

20.

Upon information and belief, Defendant had previously received publications and notice of the requirement that it pay employees for all time actually worked and that it pay time and one-half overtime pay for work in excess of forty hours in a week, but Defendant repeatedly failed to comply with these obligations. Moreover, as an "employer" within the meaning of the Act, Defendant is charged with knowledge of the sections of the Act applicable to it and its employees and the obligation to comply with the requirements of the Act.

## COUNT ONE
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

21.

Plaintiff reasserts the allegations set forth in Paragraphs 1-20 of her Complaint as if fully stated herein.

22.

Defendant regularly engages in business within the Northern District of Georgia and its employees handle and use goods which have moved in interstate commerce as part of their job duties with Defendant.

23.

At all times relevant to Plaintiff's claims in this action, Defendant was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., and is subject to the provisions of such Act.

24.

At all times relevant to Plaintiff's claims in this action, Plaintiff was an employee of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.

25.

During the period of time that Plaintiff was employed by Defendant, she performed work for which she was not compensated and, additionally, was not paid overtime for work in excess of forty hours in a week in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. More specifically, Defendant violated §7 of the FLSA by failing to pay

time and one-half overtime wages to Plaintiff, a salaried non-exempt employee who earned overtime pay.

26.

Upon information and belief, Defendant's pay system was unilaterally imposed upon Plaintiff.

27.

Defendant's failure to compensate Plaintiff for all compensable hours worked violates the minimum wage provisions of the FLSA and related regulations.

28.

Defendant's failure to properly administer a scheme of compensation, including, but not limited to, proper payment for actual time worked, overtime and/or compensatory time, violates the overtime provisions of the FLSA and related regulations.

29.

Defendant's failure to compensate Plaintiff for all compensable hours worked was a willful and knowing violation of the FLSA.

30.

As a result of Defendant's willful and knowing failure to properly compensate Plaintiff, she has suffered substantial delays in receipt of wages owed.

31.

Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

32.

Pursuant to 29 U.S.C. §207 and §216, Defendant owes Plaintiff compensation for overtime worked, an additional equal amount as liquidated damages, and an additional sum for attorneys' fees and costs incurred in the prosecution of this action as a result of Defendant's noncompliance with the FLSA.

33.

As a direct and proximate result of Defendant's willful and knowing violation of the FLSA, Plaintiff is now suffering and will continue to suffer monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks judgment against Defendant as follows:

1. The issuance of a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

2. The enjoining of Defendant from further violations of the Fair Labor Standards Act;

3. An order that Defendant make Plaintiff whole by providing appropriate back pay wages and overtime wages at the appropriate and required rates, and other benefits wrongly denied her, in an amount to be shown at trial;

4. An award of liquidated damages in an amount equal to the back wages and overtime wages Defendant failed to pay Plaintiff;

5. An award of prejudgment interest;

6. Leave to amend to add claims under applicable state laws;

7. An award of reasonable attorneys' fees, costs and expenses; and

8. Such additional relief as the Court may find that justice requires.

Plaintiff demands a trial by jury of all triable issues.

Respectfully submitted this 17th day of Sept., 2008.

_____
Oscar E. Prioleau, Jr.
Georgia Bar No. 588510
Prioleau & Associates
505 Pryor Street, S.W.
Atlanta, Georgia 30312
404-526-9400 (telephone)
404-880-9460 (facsimile)
oprioleau@mindspring.com

_____
David A. Cox
Georgia Bar No. 192381
4060 Peachtree Road
Suite D
Atlanta, Georgia 30319
404-276-0798 (telephone)
404-816-8817 (facsimile)
dacox@dacoxlaw.com